UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE MARIE GAMBLE,

    Plaintiff,

v.

COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No. 16-11670
Honorable Terrance G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S
APPLICATION FOR ATTORNEY FEES [ECF NO. 22]**

**I. INTRODUCTION**

    Kwitoski & Associates, PLLC, counsel for Plaintiff Charlene Marie Gamble, seeks an award of $8,105.13, for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). [ECF No. 22]. The requested amount represents the remainder of the 25% of the accrued benefits—total amount sought ($17,105.13), less the amount sought for work done before the Social Security Administration ($9,000). [ECF No. 22, PageID.599-600]. Counsel for Gamble expended 25.33 hours of attorney work. [ECF No. 22, PageID.599]. The Commissioner did not respond to the application for fees. The Court **RECOMMENDS** that the application for attorney's fees be

**GRANTED**.

II.   ANALYSIS

A.

Under Section 406(b), attorneys may collect attorney fees of up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts are expressly authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht*, 535 U.S. at 808.

Courts in the Sixth Circuit have found that there is no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r*

*of, Soc. Sec.*, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (*quoting* *Hayes*, 923 F.2d at 422).

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.... Such a result would thwart Congress's intention to assure social security claimants of good representation…. [This multiplier] provides a floor, below which a district court has no basis for questioning, under the…windfall rule for "minimal effort expended," the reasonableness of the fee.  In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Hayes*, 923 F.2d at 422 (*citing Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989)).  If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee.  *Id.*

Here, the contingency fee contract permits petitioner to receive 25% of the total awarded to Gamble.  [ECF No. 22-5, PageID.625].  The petitioner's affidavit indicates that she worked 25.33 for Gambles case. [ECF 22-6, PageID.627].  The total amount that petitioner requests ($17,105.13) divided by 25.33 hours equates to a fee of about $675.29 per hour.  "A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and the doubling and tripling that

3

rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny." *See Szostek v. Berryhill*, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *adopted,* 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases).  Petitioner's requested hourly fee is within the range of the standard hourly rate with the multiplier of 2; it cannot be said that the amount she requests amounts to a windfall.

The Commissioner has not contested the reasonableness of petitioner's request, and the diligence she showed in prosecuting Gamble's claim.  Thus, petitioner's request for § 406(b) fees in the amount of $8,105.13 is reasonable.

**B.**

Section 406(b) attorney's fees are paid directly to the attorney-petitioner, with no regard to pre-existing debts. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010).  So the amount of $8,105.13 should be paid directly to the petitioner out of the past due benefits. § 406(b)(1)(A).

## III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that petitioner's motion for § 406(b) attorney's fees [ECF No. 22] be **GRANTED**, and that it be awarded $8,105.13.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 31, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2019.

s/Karri Sandusky in the absence of<br>
MARLENA WILLIAMS<br>
Case Manager